[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST FOR ARTICULATION
The third party defendant Paradise Construction, Inc. has brought to the Court's attention that its September 26, 1996, Memorandum of Decision on their Motion to Dismiss contained no indication of the Court's ruling with respect to their argument that the Prayer for apportionment was insufficient and should be stricken.
The Court was under the impression that that issue had been CT Page 9502 ruled on in open court by the Court during oral argument. However, a review of the record discloses that though argument was heard focusing on that issue with specific reference to the date May 9, 1995 and the one year statute of limitations period, there was no definitive ruling as, issue.
Judge Blue in his decision of September 27, 1995, also addressed the apportionment issue. We adopt his analysis of that issue which opines that the Product Liability Act has its own Statute of Limitations, C.G.S. § 52-577a(b). Under that statute a third party complaint must be served within one year from the date of the original action, i.e. the product liability claim.
In the instant case service of the original action on Asahi Chemical Industry Co., Ltd., pursuant to C.G.S § 52-59a (the Hague convention) took place on March 6, 1995. Under the provisions of C.G.S. § 52-577a(b) the third party complaint would have had to be served by March 6, 1996. Service did not take place within the requisite time. Accordingly the Prayer for apportionment is stricken.
Mary R. Hennessey, Judge